# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Travis Williams, #19001-171, ) | |
| ) | Civil Action No.: 1:17-cv-00946-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Travis Williams ("Petitioner"), proceeding *pro se*, filed this instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"). (*See* ECF No. 13-1 at 2.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges, for pre-trial handling. On April 12, 2017, Petitioner filed this instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On June 30, 2017, Respondent filed a Motion for Summary Judgment. (ECF No. 13.) Afterwards, the court filed an Order on June 30, 2017, pursuant to *Roseboro v. Garrison*, 538 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 14.) On August 29, 2017, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. (ECF No. 19).

1

On October 12, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant Respondent's Motion for Summary Judgment, (ECF No. 13), and deny and dismiss with prejudice the instant petition (ECF No. 1). (ECF No. 21.) The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a recitation.[1] Afterwards, Petitioner filed multiple motions for an extension of time to file his objections (ECF Nos. 23, 26, 30), which the court subsequently granted. (*See* ECF Nos. 24, 27, 31.) On December 20, 2017, Petitioner filed his Objections to the Report. (ECF No. 33.) In response, Respondent filed a reply on January 3, 2018. (ECF No. 34.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a report will

---

[1] However, Petitioner is correct that the Report incorrectly described his staff representative, Temika Williams, as a male, when she was in fact a female. (*See* ECF Nos. 21 at 3, 33 at 12–13; 34-1.)

2

result in a waiver of the right to appeal from an order from the court based upon the report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

### III. ANALYSIS

Petitioner timely filed Objections to the Magistrate Judge's Report. (*See* ECF Nos. 31, 33.)[2] In his Objections, Petitioner argues that the Magistrate Judge, in considering whether there was some evidence to support the revocation of his good time credit, failed to consider the impartiality of the prison disciplinary board. (*See* ECF No. 33 at 2–4.) Specifically, Petitioner claims there was a *Wolff*[3] violation because members of the prison disciplinary board were not impartial. (*See id*.) Specifically, Petitioner claims that the "some evidence" standard is not met because the Disciplinary Hearing Officer ("DHO") "relie[d] solely on non-impartial and down right corrupted facts supplied to him." (*See id*. at 4.) In response, Respondent claims that Petitioner misunderstands the meaning of impartiality in the context of prison disciplinary proceedings and that he has failed to show that the investigator or the DHO was not impartial. (ECF No. 34 at 2–3.)

Procedural due process requires that the factfinder or disciplinary tribunal in a prison disciplinary proceeding be impartial. *See Wolff v. McDonnell*, 418 U.S. 539, 570–71 (1974); *Meyers v. Aldredge*, 492 F.2d 296, 305–07 (3d Cir. 1974); *McCann v. Coughlin*, 698 F.2d 112, 122 (2d Cir. 1983); *see also Bennett v. King*, 19 F.3d 1428, *1 (4th Cir. 1994) (unpublished opinion). Courts have recognized that "the degree of impartiality required of prison hearing

---

[2] The court extended Petitioner's deadline to file his Objections to December 20, 2017. (*See* ECF No. 31.)

[3] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

3

officials does not rise to the level of that required of judges generally." *Francis v. Coughlin,* 891 F.2d 43, 46 (2d Cir. 1989). Specifically, "the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body." *Meyers*, 492 F.2d at 306; *see also Merritt v. De Los Santos,* 721 F.2d 598, 601 (7th Cir. 1983). Additionally, fact finders in prison disciplinary proceedings are generally impartial when they do not prejudge the evidence or decide the case before the hearing. *See Patterson v. Coughlin*, 905 F.2d 564, 507 (2d Cir. 1990); *Francis,* 891 F.2d at 46.

Here, the court agrees with the Magistrate Judge and finds that Petitioner has failed to produce any evidence showing that his disciplinary proceedings were not impartial. Petitioner argues that the DHO was not impartial in deciding his case because he was relying on "non-impartial and down right corrupted facts supplied to him . . ." (ECF No. 33 at 4). While Petitioner objects to the facts on which the DHO relied in his determination, he presents no evidence showing that the DHO prejudged the evidence or decided the case before the hearing. *See* P*atterson*, 905 F.2d at 507; *Francis,* 891 F.2d at 4. Additionally, Petitioner claims that Mr. Fields, a member of the Unit Discipline Committee ("UDC"), was not impartial because he referred Petitioner's case to the DHO even though he saw the video tape and knew that Petitioner was innocent. (*See* ECF No. 33 at 11–13.)[4] However, Petitioner presents no evidence to support this claim that Mr. Fields saw the video besides his own affidavit, in which Petitioner states that he "believes Mr. Fields had already viewed the video of the incident." (ECF No. 33-1 at 10.) Petitioner's own self-serving affidavit, containing unsubstantiated speculation, is insufficient to

---

[4] In addition, Petitioner claims that the UDC only relied on certain information when it considered his case. (ECF No. 33 at 10–11).

show that Mr. Fields was not impartial and is insufficient to defeat summary judgment. *See Larken v. Perkins*, 22 F. App'x. 114, 155 (4th Cir. 2001).

Furthermore, Petitioner presents no evidence showing that the DHO or any member of the UDC had substantial involvement in the circumstances underlying his charge. *See Meyers*, 492 F.2d at 306. Specifically, Petitioner does not assert that the DHO or any member of the UDC was a charging or investigating officer directly involved in the incident. *See id.* Petitioner also argues that the investigating officer Lt. Robinson, who he claims was a member of the prison disciplinary board, was not impartial. (ECF No. 33 at 2.) However, Petitioner has not presented any evidence showing that Lt. Robinson was a *fact finder* or part of a *disciplinary tribunal* in his disciplinary proceedings. *See Wolff*, 418 U.S. at 570–71; *Meyers*, 492 F.2d at 305–07; *McCann*, 698 F.2d at 122. In fact, the record indicates that Lt. Robinson was not a member of the UDC and that he did not serve as the DHO in Petitioner's case. (*See* ECF Nos. 13-2, 13-7.) Accordingly, the fact that Lt. Robinson was the investigating officer directly involved with the incident has no bearing on the impartiality of the disciplinary proceedings. *See Meyers*, 492 F.2d at 306.[5] Therefore, the court finds Petitioner has failed to show that his disciplinary proceedings were not impartial.

In his Objections, Petitioner also asserts new allegations not included in his Petition. Specifically, Petitioner claims that he told his staff representative, Ms. Temika Williams, that he wanted to call witnesses, but she told him they "did not need to do this as she knew that [he] was not guilty and would look at the video and the charges would be dropped." (ECF No. 33 at 13.) Additionally, Petitioner claims that Ms. Williams told the DHO that he had witnesses and that they had been lied to "about Mrs. Williams being able to see the video. . . ." (*Id.*) In response,

---

[5] Additionally, the court finds that Petitioner has failed to show that Lt. Robinson was not impartial in his investigation.

Respondent cites to Ms. Williams' declaration, in which she states that Petitioner did not ask her to interview any witnesses, that she did not tell him that he did not need to call witnesses, and that she never told Petitioner that she believed he was not guilty. (ECF No. 34-1 at 2.) In addition, Ms. Williams states that she did "not tell the DHO that Petitioner had witnesses and 'we had been lied to' about being able to see the video." (*Id.*) Regarding this objection, the court notes that Petitioner is presenting new factual allegations that he did not include in his Petition, (*See* ECF No. 1), and is not offering a specific objection to the Report. *See Moore v. Blackwell*, C/A No. 4:12–756–MBS–TER, 2012 WL 6608989, at *2 (D.S.C. Dec. 19, 2012) (citing *Mathews v. Weber*, 423 U.S. 261, 270 (1976)).[6]

In addition, Petitioner offers multiple general objections to the Report. Specifically, Petitioner objects to the Magistrate Judge's finding that there was no due process violation because, Petitioner claims, Lt. Robertson violated BOP Policy PS. 5270.09. (ECF No. 33 at 16, 22–23.) Here, Petitioner is reasserting an argument from his Petition without presenting any new reason or authority to show that the Magistrate Judge's finding was erroneous. Additionally, Petitioner generally objects to the Magistrate Judge's finding regarding his self-serving affidavits, but offers no argument as to why this finding was erroneous. (ECF No. 33 at 17.) Based on the foregoing, the court overrules Petitioner's Objections.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate

---

[6] Nevertheless, the court notes that even if it were to consider Petitioner's new allegations, the court would still grant Respondent's Motion for Summary Judgment. Specifically, the court notes that Petitioner has offered no support for these new allegations, while Respondent has produced Ms. Williams' declaration denying the veracity of these allegations. (*See* ECF Nos. 33, 34-1); *see also* FED. R. CIV. P. 56(c).

Judge (ECF No. 21), and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 13). It is therefore ordered that the instant Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 5, 2018
Columbia, South Carolina