# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Travis Williams, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 1:17-cv-00946-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court upon Petitioner Travis Williams's ("Petitioner") *pro se* Motion for Reconsideration (ECF No. 40). Petitioner seeks review of the court's order granting summary judgment on his habeas corpus petition. (ECF No. 37) For the reasons discussed below, the court **DENIES** Petitioner's Motion for Reconsideration (ECF No. 40).

## I. PROCEDURAL HISTORY

On April 12, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On June 30, 2017, Respondent FCI Edgefield Warden filed a Motion for Summary Judgment (ECF No. 13) and Petitioner responded in opposition. (ECF No. 19.) On October 12, 2017, Magistrate Judge Shiva V. Hodges submitted a Report and Recommendation ("Report") recommending summary judgment be granted and the Petition be denied and dismissed (ECF No. 21). On December 20, 2017, Petitioner filed objections to the Report (ECF No. 33) and Respondent replied. (ECF No. 34.) On February 5, 2018, the court accepted the Report, granted summary judgment, and dismissed the petition. (ECF No. 37.)

On March 5, 2018, Petitioner filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 40). On June 11, 2018, Petitioner filed a subsequent Motion for a Status Update. (ECF No. 41.)

1

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.2d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to this rule is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.2d 1376, 1382 (4th Cir. 1995).

Petitioner filed his Motion pro se, and therefore the court must construe the motion liberally. *Flores v. Chapdelaine*, 2014 WL 5812120 (2014) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). Allegations of a *pro se* litigant are held to less stringent standards than formal pleadings drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519 (1972).

## III. ANALYSIS

Here, Petitioner does not allege that there has been an intervening change in the controlling law, nor does he present new evidence that was not available at trial. (ECF No. 40.) While Petitioner does make the argument that the initial decision resulted in legal error and manifest injustice, Petitioner fails to allege any new facts or arguments that the court has not already acknowledged in its prior ruling. (ECF No. 40.) Therefore, Petitioner's Motion for Reconsideration fails under the requirements of Rule 59(e) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Petitioner's Motion for

Reconsideration (ECF No. 40). Additionally, Petitioner's Motion for a Status Update (ECF No. 41) is **DENIED AS MOOT.**

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 27, 2018
Columbia, South Carolina